IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN C. YEAGLEY,<br><br>    Plaintiff,<br><br>  v.<br><br>WELLS FARGO & COMPANY et al.,<br><br>    Defendant. | No. C 05-03403 CRB<br><br>**MEMORANDUM AND ORDER** |

This is a Fair Credit Reporting Act ("FCRA") class action. Plaintiff seeks damages, attorneys' fees, declaratory relief, and injunctive relief. Defendant Wells Fargo moves to dismiss the claims for declaratory and injunctive relief on the ground that such relief is not available under the FCRA. After carefully considering the papers submitted by the parties, the Court concludes that oral argument is unnecessary, see Local Rule 7-1(b), and GRANTS defendant's motion.

### ALLEGATIONS OF THE COMPLAINT

Under the FCRA a person may not obtain a credit report for any purpose unless – "(1) the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section." 15 U.S.C. § 1681b(f). See Complaint ¶ 17. The permissible purposes generally arise only in connection with transactions initiated by the consumer (the subject of the credit report). Id. ¶ 18. However, the FCRA does permit a

person to obtain a credit report in the absence of a consumer-initiated transaction when the recipient of the credit report "undertakes to extend to the consumer a 'firm offer of credit.'" Id. ¶ 19 (citing 15 U.S.C. § 1681b(c)(1)(B)).

Wells Fargo "regularly obtains consumer reports on large numbers of individuals without their knowledge or consent by purchasing 'prescreening' lists from consumer reporting agencies." Id. ¶ 23. Wells Fargo subsequently mails written solicitations to individuals on the prescreening reports. Id. ¶ 24. Plaintiff alleges that these solicitations do not satisfy the "firm offer of credit" requirement of section 1681b(c)(1)(B), and therefore Wells Fargo's use of the credit reports to make the solicitations violates the FCRA. Id. ¶¶ 32-37.

The First Claim for Relief makes a claim for damages. The Second makes a claim for declaratory relief, and the Third a claim for injunctive relief. Wells Fargo moves to dismiss the Second and Third Claims for Relief on the ground that declaratory and injunctive relief are not available in a private action under the FCRA.

## DISCUSSION

"Absent the clearest command to the contrary from Congress, federal courts retain their equitable power to issue injunctions in suits over which they have jurisdiction." Califano v. Yamasaki, 442 U.S. 682, 705 (1979). The Fifth Circuit (the only Circuit to have addressed the issue), and <u>all</u> of the district courts to have reached the issue during the past six years, have held that Congress did not give the federal courts the power to issue equitable relief in private FCRA suits. This Court agrees.

Sections 1681n and 1681o create a private right of action under the FCRA. See Nelson v. Chase Manhattan Mortgage Corp., 282 F. 3d 1057, 1059 (9th Cir. 2002). Section 1681n, entitled "Civil liability for willful noncompliance," provides that any person who willfully violates the FCRA shall be liable to the consumer for actual damages or damages of not less than $100 or more than $1000, punitive damages, and attorneys' fees. 15 U.S.C. § 1681n(a). Thus, it creates a private right of action for *willful* violations. The available remedies do not include injunctive or declaratory relief. Section 1681o, entitled "Civil

2

liability for negligent noncompliance," provides that any person who *negligently* fails to comply with the FCRA may be liable to the consumer for actual damages and attorneys' fees. Again, the section does not mention injunctive or declaratory relief.

By limiting the remedies for private right of actions to damages and attorneys' fees Congress demonstrated that it did not intend for private litigants to obtain injunctive or declarative relief. See <u>Transamerica Mortgage Advisors, Inc. v. Lewis</u>, 444 U.S. 11, 19 (1979) ("[I]t is an elemental canon of statutory construction that where a statute expressly provides a particular remedy or remedies, a court must be chary of reading others into it."). This conclusion is buttressed by the FCRA's affirmative grant of injunctive relief to the Federal Trade Commission. In 15 U.S.C. section 45 Congress "empowered" the FTC to prevent certain persons from violating the FCRA. It later adopted section 1681s which provides that "[c]ompliance with the requirements imposed under this subchapter shall be enforced under the Federal Trade Commission Act by the Federal Trade Commission with respect to consumer reporting agencies and all other persons subject thereto, except to the extent that enforcement of the requirements imposed under this subchapter is specifically committed to some other government agency." 15 U.S.C. § 1681s(a)(1). This section thus reads as an exclusive grant of the injunctive remedy to the FTC and other delineated government agencies.

Moreover, the FCRA gives federal courts jurisdiction to hear "an action to enforce any *liability* created under this subchapter." 15 U.S.C. § 1681p. The only actions to enforce a "liability" that may be brought by a private litigant are those set forth in 1681n and 1681o, that is, actions for damages and attorneys fees.

Under the private right of action statutes, a defendant is liable only if the private litigant proves the defendant *willfully* or *negligently* violated the FCRA. Under plaintiff's reasoning, a private litigant could also pursue equitable relief for any violation of the Act, even if not negligent or willful. Such an outcome would be contrary to Congress's expressed intent of limiting liability to private litigants to willful or negligent conduct.

//

3

The only Circuit to have addressed this issue held that a private litigant may not obtain injunctive or declaratory relief under the FCRA.  Washington v. CSC Credit Services, Inc., 199 F.3d 263 (5th Cir. 2000).  The court held that "the affirmative grant of power to the FTC to pursue injunctive relief, coupled with the absence of a similar grant to private litigants when they are expressly granted the right to obtain damages and other relief, persuasively demonstrates that Congress vested the power to obtain injunctive relief solely with the FTC."  Id. at 268.

The Fifth Circuit concluded that its holding was supported by Congress's subsequent enactment of section 1861u which requires consumer reporting agencies to disclose consumer information to the FBI for counterintelligence purposes.  15 U.S.C. § 1681u.  The section also provides consumers with a damages remedy against the government that is nearly identical to the private right of action provisions found in sections 1681n and 1681o. 15 U.S.C. § 1681u(i).  Unlike sections 1681n and 1681o, however, section 1681u has an *additional* subsection that gives an aggrieved consumer the right to obtain injunctive relief.  15 U.S.C. § 1681u(m).  The Fifth Circuit reasoned that "where Congress intended to allow private injunctive relief under the FCRA, it expressly stated that this relief was available. This language would be unnecessary if injunctive relief were otherwise available."  199 F.3d at 269;  see also Howard v. Blue Ridge Bank, 371 F.Supp.2d 1139, 1145(N.D. Cal. 2005) (finding the Fifth Circuit's reasoning in Washington persuasive).

Moreover, although the Fifth Circuit is the only Circuit to have addressed the availability of a private right of action for equitable relief under the FCRA, the Third Circuit has considered the availability of equitable relief under the Federal Debt Collection Practices Act ("FDCPA"), a statute with a structure similar to the FCRA.  The FDCPA, like the FCRA, has a section giving private litigants the right to pursue damages, 15 U.S.C. § 1692k(a), and a section giving the FTC the right to pursue equitable remedies.  15 U.S.C. § 1692(i).  In Weiss v. Regal Collections, 385 F.3d 337, 341-42 (3d Cir. 2004), the Third Circuit held that a private litigant could not obtain equitable relief under the FDCPA.  The court cited the Fifth Circuit's reasoning in Washington as support for its holding.

4

The cases cited by plaintiff are not persuasive. In <u>Andrews v. Trans Union Corp.</u>, 7 F.Supp.2d 1056 (C.D. Cal. 1998), for example, the court did not discuss the language and structure of the FCRA. In <u>Natale v. TRW, Inc.</u>, 1999 WL 179678 (N.D. Cal. March 30, 1999), the defendants did not argue that injunctive relief was not available; instead, all the parties assumed that such relief was available to a private litigant. Plaintiff does not, and cannot, cite a single case which addresses and then refutes the reasoning of the Fifth Circuit in <u>Washington</u>.

Plaintiff's contention with respect to the purpose behind the enactment of section 1681u is beside the point. Even assuming plaintiff's argument is correct, it does not respond to the fact that Congress created a private right of action which includes the right to recover only damages and attorneys' fees.

## CONCLUSION

The language and structure of the FCRA compel the conclusion that a private litigant may not maintain an action for injunctive relief or declaratory relief under the FCRA. Accordingly, defendants' motion to dismiss the Second and Third Claims for Relief is GRANTED.

**IT IS SO ORDERED.**

Dated: January 23, 2006

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE