1  MICHAEL J. STEINER (State Bar No. 112079)
   MARK D. LONERGAN (State Bar No. 143622)
2  LINDSAY J. NICHOLS (State Bar No. 226980)
   SEVERSON & WERSON
3  A Professional Corporation
   One Embarcadero Center, Suite 2600
4  San Francisco, CA 94111
   Telephone: (415) 398-3344
5  Facsimile: (415) 956-0439
   ljn@severson.com
6
   Attorneys for Defendants
7  WELLS FARGO & COMPANY AND
   WELLS FARGO HOME MORTGAGE, a
8  division of WELLS FARGO BANK, N.A.

9              UNITED STATES DISTRICT COURT

10           NORTHERN DISTRICT OF CALIFORNIA

11              SAN FRANCISCO DIVISION

12  STEVEN C. YEAGLEY, on behalf of himself        Case No.:  C-05-3403-CRB
    and those similarly situated,,
13                                                 STIPULATION REGARDING
                   Plaintiff,                      DOCUMENT A; [PROPOSED]
14                                                 PROTECTIVE ORDER
         vs.
15
    WELLS FARGO & COMPANY and WELLS
16  FARGO BANK, N.A.,

17                 Defendant.

18

19                      **STIPULATION**

20       WHEREAS Plaintiff Stephen Yeagley (hereafter "Plaintiff") alleges that defendants Wells

21  Fargo & Company, and Wells Fargo Bank, N.A. (hereafter "Wells Fargo") are liable for a willful

22  violation of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq.* ("FCRA") because they

23  sent written solicitations to consumers and those written solicitations allegedly did not constitute

24  "firm offers of credit" under FCRA,

25       WHEREAS Wells Fargo has not yet asserted in this litigation, and is not now asserting

26  that it was relying on the advice of its counsel with respect to any of the written solicitations or

27  offers at issue, but Wells Fargo reserves the right to make that assertion in the future,

28

1    WHEREAS Wells Fargo believes that a particular document in its possession (a

2    memorandum from outside counsel, referred to hereafter as document A) is covered by the

3    attorney-client privilege and the immunity afforded attorney work product,

4    WHEREAS the parties desire to discuss the possibility of resolution of this matter and the

5    parties believe that disclosure of document A to plaintiff and his attorneys of record only will

6    further the possibility of settlement of this action,

7    WHEREAS justice now requires a protective order to protect Wells Fargo from the

8    annoyance, embarrassment, oppression, and undue burden and expense that will result if

9    document A is disclosed in a manner except that contemplated herein,

10    IT IS HEREBY STIPULATED AND AGREED, by and between the parties, through their

11    respective counsel, as follows:

12    1.    Wells Fargo will disclose document A only to plaintiff Stephen Yeagley and his

13    attorneys of record in this matter in the offices of Severson & Werson, APC, Wells Fargo's

14    counsel of record in this action, at One Embarcadero Center, 26th Floor, San Francisco

15    California, for a period of no longer than 4 hours on a mutually convenient date. No one other

16    than plaintiff Stephen Yeagley and his and Wells Fargo's attorneys of record in this matter may

17    be present during the disclosure of document A.

18    2.    Plaintiff and his attorneys agree not to make any copies, summaries, outlines, or

19    the like of document A, nor make any handwritten or electronic notes regarding document A, nor

20    disclose or discuss the contents of document A or their mental impressions of document A to or

21    among anyone except themselves and Wells Fargo's attorneys of record in this action.

22    3.    Plaintiff and his attorneys agree not to use the information or knowledge gained

23    through Wells Fargo's disclosure of document A for any purpose other than to evaluate the

24    potential for, and negotiate, a settlement of this action.

25    4.    Wells Fargo does not waive the attorney client privilege or the immunity afforded

26    attorney work product or any other privilege or immunity with respect to document A or any

27    other document or information, by or through its disclosure of document A to plaintiff and his

28    attorneys as agreed to in this stipulation or in any other manner. Document A is and continues to

- 2 -

1   be protected from disclosure by the attorney client privilege and the protection afforded attorney

2   work product immunity, and any other privilege or immunity that may apply, and remains so,

3   despite the provisions of paragraph 1 above.

4        5.     Wells Fargo is disclosing document A to plaintiff and his attorneys solely for the

5   purpose of settlement negotiations in this action, and henceforth all parties will treat the contents

6   of document A and the fact that Wells Fargo has disclosed document A to plaintiff and his

7   attorneys as confidential and as further protected from disclosure by the immunity afforded

8   confidential information revealed during settlement negotiations.

9        6.     Violation of the terms or conditions of this Order will result in the imposition of

10  sanctions against plaintiff and his attorneys of record, including but not limited to dismissal of

11  this action.

12       7.     Even after the termination of this litigation, the terms, conditions, and obligations

13  imposed by this Order shall remain in effect.

14

15  IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

16  DATED: ~~March~~ *April* 25 , 2006          SEVERSON & WERSON

17                                        A Professional Corporation

18                                        By: _____

19                                            Michael J. Steiner, Esq.

                                          Counsel for Defendants

20                                        WELLS FARGO & COMPANY and WELLS
                                      FARGO BANK, N.A.

21

22  DATED: ~~March~~ *April* 24 , 2006          JAMES HOYER NEWCOMER & SMILJANICH,
                                      P.A.

23

24                                        By _____

                                        Kathleen Clark Knight, Esq.

25                                          Counsel for Plaintiff
                                        STEPHEN C. YEAGLEY

26

27

28

- 3 -

1

2

3    PURSUANT TO STIPULATION, IT IS SO ORDERED.

4    DATED:_____April 27, 2006_____

5                                         United States District Court Judge

6                                    IT IS SO ORDERED

7

8                                    Judge Charles R. Breyer

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

07725/0070/575201.1                STIPULATION REGARDING DOCUMENT A; [PROPOSED]
                                                      PROTECTIVE ORDER