**Gail Killefer**, CSBN 157248
417 Montgomery Street, Suite 300
San Francisco, California 94104
Telephone: (415) 362-8640
Facsimile: (415) 383-8545
Email: gkillefer@aol.com

Terry Smiljanich (Florida Bar No. 145359)
Jill H. Bowman (Florida Bar No. 057304)
**JAMES HOYER NEWCOMER
 & SMILJANICH, P.A.**
4830 West Kennedy Boulevard, Suite 550
Tampa, FL 33609
Telephone: (813) 286-4100
Facsimile: (813) 286-4174

Douglas Bowdoin (Florida Bar No. 310360) (appearance pro hac vice)
**DOUGLAS BOWDOIN, P.A.**
255 South Orange Avenue, Suite 800
Orlando, FL 32801
Telephone: (407) 422-0025
Facsimile: (407) 843-2448

Attorneys for Plaintiff

Michael J. Steiner (State Bar No. 112079)
Mark D. Lonergan (State Bar No. 143622)
Joshua E. Whitehair (State Bar No. 244900)
**SEVERSON & WERSON**
A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Telephone: (415) 398-3344
Facsimile: (415) 956-0439

Attorneys for Defendants
WELLS FARGO & COMPANY and
WELLS FARGO HOME MORTGAGE, a
division of WELLS FARGO BANK, N.A.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN C. YEAGLEY, on behalf of himself and those similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>WELLS FARGO & COMPANY and WELLS FARGO BANK, N.A.,<br><br>Defendants. | Case No.: C-05-3403-CRB<br><br>[~~PROPOSED~~] **ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVISIONALLY APPROVING CLASS FOR SETTLEMENT PURPOSES, AND WITH RESPECT TO CLASS NOTICE, FAIRNESS HEARING, AND ADMINISTRATION** |

These matters having come before the Court upon the motion of Plaintiff, Stephen C. Yeagley, individually and on behalf of a class of persons, for preliminary approval of a settlement reached between the Parties, and upon consideration of the Parties' Settlement Agreement dated as of March 22, 2007, (the "Settlement Agreement"), and the exhibits thereto, IT IS HEREBY ORDERED AS FOLLOWS:

1. The Settlement Agreement is hereby incorporated by reference in this Order as if fully set forth herein. Capitalized terms in this Order shall, unless otherwise defined herein, have the same meaning as in the Settlement Agreement.

2. Solely for the purpose of settlement in accordance with the Settlement Agreement, and pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, this Court hereby provisionally approves the following settlement class (the "Settlement Class"):

> All individuals throughout the United States whose consumer reports were obtained or used by Wells Fargo Home Mortgage, a division of Wells Fargo Bank, N.A., in connection with a real estate secured credit transaction not initiated by them and to whom Wells Fargo sent or caused to be sent during the period of July 12, 2005, through September 30, 2005, a mailer similar to the mailer attached to the Amended Complaint as Exhibits A and B, and who did not apply for and receive a loan in response to the mailer.

If, for any reason, the Settlement is not approved or does not become effective, this provisional approval shall be null and void, and shall not be used or referred to for any purpose in this Action or any other action or proceeding.

3. For settlement purposes only, and subject to further consideration at the Final Approval Hearing described in paragraph 12 below, the Settlement Class is found to meet the relevant requirements of Fed.R.Civ.P. 23(a) and (b)(3).

4. For settlement purposes only, and after considering the relevant factors in Fed.R.Civ.P. 23, Representative Plaintiff is conditionally designated as representative of the Settlement Class and Class Counsel are conditionally appointed as counsel for the Settlement Class. The law firm and attorneys conditionally representing the Settlement Class are:

| | |
|---|---|
| Terry A. Smiljanich | Gail Killefer |
| Jill H. Bowman | 417 Montgomery Street, Suite 300 |
| JAMES HOYER NEWCOMER | San Francisco, CA 94104 |
|   & SMILJANICH, P.A. | |
| 4830 West Kennedy Boulevard, Suite 550 | W. Roderick Bowdoin |
| Tampa, FL 33609 | DARBY, PEELE, BOWDOIN & PAYNE |
| | P. O. Drawer 1707 |
| Douglas Bowdoin | Lake City, FL 32056 |
| DOUGLAS BOWDOIN, P.A. | |
| 255 South Orange Avenue, Suite 800 | J. Craig Bourne |
| Orlando, FL 32801 | LAW OFFICES OF J. CRAIG BOURNE |
| | 1520 East Livingston Street |
| | Orlando, FL 32803 |

5. Pursuant to Fed.R.Civ.P. 23, the terms of the Settlement Agreement and the Settlement provided for therein are preliminarily approved as (a) fair, reasonable, and adequate in light of the relevant factual, legal, practical, and procedural considerations of the Action, (b) free of collusion to the detriment of Class Members, and (c) within the range of possible final judicial approval, subject to further consideration thereof at the Final Approval Hearing described at paragraph 12 of this Order. Accordingly, the Settlement Agreement and the Settlement are sufficient to warrant notice thereof, as set forth below, and a full hearing on the Settlement.

6. Pursuant to the terms of the Settlement Agreement, Defendants are hereby directed to prepare the Class Member List within ten (10) business days after the Preliminary Approval Date. Within thirty (30) business days after the completion of the Class Member List, and pursuant to the procedures detailed in the Settlement Agreement, Defendants shall complete the providing of notice of the Settlement and of the Final Approval Hearing to each Class Member on the Class Member List by mailing to the address for the Class Member on the Class Member List, as updated through the NCOA database, a copy of the Class Notice, substantially in the form attached to the Settlement Agreement as Exhibit C, together with a copy of the Claim Form, substantially in the form attached to the Settlement Agreement as Exhibit A. The Settlement Administrator shall have discretion to format the Class Notice, Claim Form, and Class Brochure. Class Counsel and Counsel for the Defendants shall have discretion to revise the Class Notice and Claim Form by stipulation before mailing, provided that such stipulation is approved by the Court.

1  7. If any Class Notice mailed pursuant to the Settlement Agreement and paragraph 6 above is returned by the United States Postal Service as undeliverable, then Defendants shall re-mail the Class Notice, together with the Claim Form, to the forwarding address, if any, provided on the face of the returned mail. If the returned mail does not reflect a forwarding address, then Defendants shall have no other obligation to re-mail the Class Notice and Claim Form.

8. The Court finds that the Settlement Agreement's plan for class notice is the best notice practicable under the circumstances and satisfies the requirements of due process and Fed.R.Civ.P. 23. That plan is approved and accepted. This Court further finds that the Class Notice and Claim Form comply with Fed.R.Civ.P. 23 and are appropriate as part of the notice plan and the Settlement, and thus they are hereby approved and adopted. This Court further finds that no other notice other than that identified in the Settlement Agreement is reasonably necessary in this Action.

9. Any Class Member who wishes to be excluded from the Settlement Class and not be bound by the Settlement Agreement must mail a written request for exclusion ("**Opt-Out**") to the Settlement Administrator postmarked no later than   June 8   , 2007. For a Class Member's Opt-Out to be valid, it must be timely (as judged by the postmark deadline set forth above), must be signed by the Class Member, and must state a desire to be excluded from the Settlement Class. Any Class Member who does not submit a timely Opt-Out, and otherwise comply with all requirements for requesting exclusion from the Settlement Class as set forth above and in the Class Notice, shall be bound by the Settlement Agreement, including the Release, as embodied in paragraphs 4.01, 4.02, and 4.03 of the Settlement Agreement, and any final judgment entered in the Action. Further, any Class Member who is a Successful Opt-Out will be deemed to have waived any rights or benefits under the Settlement, and will have no standing to object to the Settlement or to seek to intervene in the Action.

10. On or before the date of the Final Approval Hearing, Class Counsel and Counsel for the Defendants shall create and file with the Court a comprehensive list of Successful Opt-Outs.

11. Any Class Member who is not a Successful Opt-Out and who wishes to object to the Settlement, in whole or in part, must file a written objection to the Settlement or Settlement Agreement ("**Objection**") with the Clerk of the Court, and contemporaneously mail it to Class Counsel and Counsel for the Defendants no later than  June 8 , 2007.

12. A hearing (the "**Final Approval Hearing**") shall be held before the undersigned at  10:00  (a.m./~~p.m.~~) on,  June 29 , 2007, in the United States District Courthouse, Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102, to determine, among other things, (a) whether the proposed Settlement should be approved as fair, reasonable, and adequate, (b) whether the Action should be dismissed with prejudice pursuant to the terms of the Settlement Agreement, (c) whether Class Members should be bound by the Release set forth in the Settlement Agreement, (d) whether Class Members should be subject to a permanent injunction that, among other things, bars Class Members from filing, commencing, prosecuting, intervening in, or participating in (as class members or otherwise), any lawsuit, claim, demand or proceeding in any jurisdiction that is based on or related to, directly or indirectly, matters within the scope of the Release, (e) whether the Settlement Class should be finally certified, and (f) the amount of attorneys' fees and costs to be awarded to Class Counsel, if any. This hearing may be postponed, adjourned, or continued by order of the Court without further written notice to the Settlement Class.

13. Memoranda in support of the Settlement shall be filed with the Court no later than seven (7) days before the Final Approval Hearing.

14. Any Class Member who wishes to appear at the Final Approval Hearing, whether *pro se* or through counsel, must file a statement of his or her intention to do so, and contemporaneously mail a copy to Class Counsel and Counsel for the Defendants on or before  June 22, 2007. No Class Member shall be permitted to raise matters at the Final Approval Hearing that the Class Member could have raised in an Objection, but failed to do so.

15. Any Class Member who wishes to **intervene** in the Action or seek other relief from the Court must file with the Court, and mail copies to Class Counsel and Counsel for the Defendants, an appropriate motion on or before  June 8 , 2007.

- 5 -

16. The postmark deadline for the submission of Valid **Claim Forms** shall be July 30, 2007. The validity of Claim Forms otherwise shall be governed by the terms stated in the Settlement Agreement.

17. All other events contemplated by the Settlement Agreement to occur after this Order and before the Final Approval Hearing shall be governed by the Settlement Agreement, to the extent not inconsistent herewith.

18. The Parties are hereby authorized to establish the means necessary to administer the Settlement.

19. All proceedings in the Action, other than such as may be necessary to carry out the terms and conditions of the Settlement Agreement or the responsibilities related or incidental thereto, are stayed and suspended until further order of this Court.

20. If final approval of the Settlement is not achieved, or if the Settlement is terminated for any reason, the Settlement and all proceedings had in connection therewith shall be without prejudice to the *status quo ante* rights of the Parties to the Action, and all Orders issued pursuant to the Settlement shall be vacated. In such an event, the Settlement and all negotiations concerning it shall not be used or referred to in this Action for any purpose whatsoever. This Order shall be of no force or effect if final approval does not occur for any reason, and nothing in this Order shall be construed or used as an admission, concession, or declaration by or against Defendants of any fault, wrongdoing, breach, or liability. Nor shall this Order be construed by or against Representative Plaintiff or the Class Members that their claims lack merit or that the relief requested in this Action is inappropriate, improper, or unavailable, or as a waiver by any Party of any defenses it may have. Nor shall this Order be construed or used to show that certification of one or more classes would or would not be appropriate if this Action were to be litigated rather than settled.

21. Neither the Settlement nor the Settlement Agreement constitutes an admission, concession, or indication by the Parties of the validity of any claims or defenses in the Action; or of any wrongdoing, liability, or violation of law by the Defendants, which vigorously deny all of the claims and allegations raised in the Action.

22. The Court reserves the right to approve the Settlement with such modifications, if any, as may be agreed to by Class Counsel and Counsel for the Defendants and without future notice to the Class Members.

23. No Class Member, or any other person acting on behalf of or in concert with a Class Member, may exclude any other Class Member from the Settlement Class.

24. Except as set forth in this Order and the Settlement Agreement, no person or entity, including, but not limited to, Plaintiff s Counsel, Counsel for the Defendants, Representative Plaintiff, or Defendants, shall be permitted to initiate communications with Class Members, whether by written correspondence, notices, advertisements, Internet postings, or other media, concerning the Settlement or its terms without prior approval from the Court upon prior notice to Class Counsel and Counsel for the Defendants.

25. Except as set forth in this Order and the Settlement Agreement, the Parties (and Plaintiff s Counsel and Counsel for the Defendants) shall not issue any public, mass, or generalized communications about the Settlement (other than disclosures required by law), whether by press release or any other means, without prior approval of the Court and/or the express written consent of the other Party.

DATED: _March 27_____, 2007    _____

The Honorable Charles R. Breyer
United States District Court, Northern District