**Gail Killefer**  (California Bar No. 157248)
417 Montgomery Street, Suite 300
San Francisco, CA 94104
Telephone: 415/362-8640
Facsimlie: 415/383-8545
Email: gkillefer@aol.com

**Terry A. Smiljanich** (Fla. Bar No. 145359)
(Appearance Pro Hac Vice)
James Hoyer Newcomer & Smiljanich, P.A.
4830 W. Kennedy Blvd., Suite 550
Tampa, FL 33609
Telephone: 813-286-4100
Facsimile:   813-286-4174
Email: tsmiljanich@jameshoyer.com

**Douglas Bowdoin** (Fla. Bar No. 310360)
Douglas Bowdoin, P.A.
255 South Orange Ave., Suite 800
Orlando, FL 33801
Telephone: 407-422-0025
Facsimile: 407-843-2448
Email: dbowdoin@bowdoinlaw.com

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

**NO. C-05-3403-CRB**

| | |
|---|---|
| STEPHEN C. YEAGLEY, on behalf of himself and those similarly situated, | |
| Plaintiff, | **PLAINTIFFS' UNOPPOSED MOTION FOR AWARD OF ATTORNEYS' FEES AND COSTS** |
| vs. | Hearing: June 29, 2007 10:00 a.m. |
| WELLS FARGO & COMPANY and WELLS FARGO BANK, N.A. | The Honorable Charles R. Breyer Courtroom 8, 19th Floor |
| Defendants. | |

Class Plaintiffs, through their undersigned counsel, ask this Court to award attorneys' fees of $1,500,000, as set forth in the Settlement Agreement, which Agreement for class settlement was preliminarily approved by this Court on March 27, 2007. Pursuant to paragraph III.D.3.23 of the Settlement Agreement, Class Plaintiffs are permitted to request these fees and costs prior to the Final Approval hearing. Defendant does not oppose this request. In addition, the requested fees and costs represent the total request of all counsel in the above styled case.

Class Plaintiffs are filing this motion in connection with the mailing of notice of class settlement to class members. The notices of class settlement have been mailed, advising class members that plaintiffs' counsel would ask the Court to award them attorneys' fees of $1,500,000. Prior to the Final Approval hearing, set for June 29, 2007, at 10:00 a.m., Class Plaintiffs will supplement this motion with a memorandum of law in support thereof, together with affidavits in support of the fee request.

The Ninth Circuit has stated that in common fund cases, "the district court has discretion to apply either the lodestar method or the percentage-of-the-fund method in calculating the fee award." *Pincay Investments Co. v. Covad Communications Group*, 90 Fed.Appx. 510, 511 (9th Cir. 2004) (citing *Fischel v. Equitable Life Assurance Soc'y*, 307 F.3d 997, 1006 (9th Cir. 2002)). When determining the

reasonableness of attorneys' fees, the court "may compare the two methods." *Fischel* at 1007. "Under the lodestar method, the court multiples a reasonable number of hours by a reasonable hourly rate." *Id.* at 1006. Further, "there is a 'strong presumption' that the lodestar figure represents a reasonable fee." *D'Emanuele v. Montgomery Ward & Co.*, 904 F.2d 1379, 1384 (9th Cir. 1990). Under the percentage-of-the-fund method, "the court simply awards the attorneys a percentage of the fund sufficient to provide class counsel with a reasonable fee." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998). The Ninth Circuit "has established 25% of the common fund as a benchmark award for attorney fees." *Id*.

The total amounts of fees and costs requested by Class Plaintiffs in this case are comparable to those resulting from the use of a standard multiplier under the lodestar method. In their forthcoming memorandum of law supplementing this motion, Class Plaintiffs will establish that the total amounts of fees and costs requested herein are reasonable in consideration of the actual hours spent on the case, together with a reasonable multiplier as allowed by law. Additionally, counsel will demonstrate that using a percentage-of-the-fund approach, the fees requested are well within the standard ranges approved by courts in similar circumstances.

As noted above, this Motion for Award of Attorneys' Fees and Costs will be supplemented by undersigned counsel with a forthcoming memorandum of law in support of the request, together with affidavits.

> Respectfully submitted,
>
> JAMES, HOYER, NEWCOMER &
>   SMILJANICH, P.A.
>
> *s/ Terry A. Smiljanich*
> Terry A. Smiljanich
> (Appearance Pro Hac Vice)
> Florida Bar No. 145359
> 4830 W. Kennedy Blvd., Suite 550
> Tampa, FL 33609
> Telephone: (813) 286-4100
> Facsimile:  (813) 286-4174
> Email: tsmiljanich@jameshoyer.com
>
> GAIL KILLEFER, Esq.
> 417 Montgomery Street, Suite 300
> San Francisco, CA 94104
> Telephone: 415/362-8640
> Facsimile: 415/383-8545
> Email: gkillefer@aol.com
>
> DOUGLAS BOWDOIN, PA
> Douglas Bowdoin
> Suite 800, Citrus Center
> 255 S. Orange Avenue
> Orlando, FL 32801
> Telephone:  (407) 422-0025
> Facsimile: (407) 843-2448
> Email: dbowdoin@bowdoinlaw.com
> Counsel for Plaintiffs

# PROOF OF SERVICE

I, Dobrila Stephens, declare as follows:

I, am a resident of the State of Florida, over the age of eighteen years, and not a party to the within action. My business address is James, Hoyer, Newcomer & Smiljanich, P.A., 4830 W. Kennedy Blvd., Suite 550, Tampa, Florida 33609.

On June 1, 2007 at Tampa, Florida, I served the following document(s) listed below as follows:

**PLAINTIFFS' UNOPPOSED MOTION FOR AWARD OF ATTORNEYS' FEES AND COSTS**

☐ BY PERSONAL SERVICE: I caused a true and correct copy of the document(s) to be delivered to the persons shown on the attached list.

☐ BY OVERNIGHT MAIL: I sent a true and correct copy of the document(s) for delivery to the persons shown on the attached list.

☐ BY FACSIMILE AND U.S. MAIL: I placed a true and correct copy of the document(s) in a sealed envelope with first class postage fully prepaid in the United States Mail at Tampa, Hillsborough County, Florida, addressed as shown on the attached list.

X BY ELECTRONIC MAIL, by filing the document using the Court CM/ECF System which will send a Notice of Electronic Filing to:

Michael J. Steiner
Severson & Werson
One Embarcadero Center, Suite 2600
San Francisco, CA 94111

Executed on June 1, 2007, at Tampa, Florida.

*s/Dobrila Stephens*
Dobrila Stephens