Michael J. Steiner (State Bar No. 112079)
mjs@severson.com
Donald J. Querio (State Bar No. 54367)
djq@severson.com
Joshua E. Whitehair (State Bar No. 244900)
jew@severson.com
**SEVERSON & WERSON**
A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Telephone: (415) 398-3344
Facsimile: (415) 956-0439

Attorneys for Defendants
WELLS FARGO & COMPANY and
WELLS FARGO HOME MORTGAGE, a
division of WELLS FARGO BANK, N.A.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN C. YEAGLEY, on behalf of himself and those similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>WELLS FARGO & COMPANY and WELLS FARGO BANK, N.A.,<br><br>Defendants. | Case No.: C-05-3403-CRB<br><br>~~**[PROPOSED]**~~ **ORDER FINALLY APPROVING CLASS SETTLEMENT** |

The motion of Plaintiff Stephen C. Yeagley ("Plaintiff"), individually and on behalf of a class of persons, for Final Approval of a Class Action Settlement Agreement and for Final Judgment and Award of Attorneys' Fees and Costs came on for hearing on June 29, 2007, before the Honorable Charles R. Breyer, Judge of the above-entitled court. Terry Smiljanich, of James Hoyer, Newcomer & Smiljanich, P.A. and Douglas Bowdoin and Gail Killefer appeared on behalf of Plaintiff. Donald J. Querio and Michael J. Steiner of Severson & Werson, P.C., appeared on behalf of Defendants Wells Fargo & Company and Wells Fargo Bank (collectively "Defendants"). Darrell Palmer appeared for unnamed class member and objector Rose A.

Munoz. Robert C. Chojnacki appeared for unnamed class member and objector Michael L. Broughton.

**I.**

**FINDINGS**

Based on the oral and written argument and evidence presented in connection with the motion, and having provided the Class Members with the opportunity to object, the Court makes the following findings of fact:

**A. Class Certification**

1. The Settlement Class is ascertainable and appropriate for certification under Fed. R. Civ. P. 23;

2. There are approximately 3.8 million members of the Settlement Class. It is impracticable to join all of them as parties to the Action.

3. Common questions of law and fact predominate and are applicable to the Settlement Class. The predominant common questions include: Whether the proposed settlement is fair, just, equitable and in the best interest of class members given the relative risks and benefits of proceeding to trial; whether Defendants made firms offers of credit to the Settlement Class; whether Defendants acted willfully within the meaning of the Fair Credit Reporting Act.

4. Plaintiff has a claim typical of members of the Settlement Class. Wells Fargo Home Mortgage obtained or used Plaintiff's credit profile in connection with sending a mailer to him. Between July 12, 2005 and September 30, 2005, Plaintiff received a mailer from Wells Fargo Home Mortgage indicating that he had been pre-approved for a real estate loan based on information in his credit profile. Plaintiff did not apply for nor receive a loan in response to the mailer. Plaintiff alleges that the mailer does not constitute a "firm offer of credit" as required by the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, and, thus, Defendants allegedly accessed his credit profile without a permissible purpose.

5. Plaintiff has acted diligently on behalf of class members, undertaking discovery, preparing the case for trial, and crafting a settlement that extends benefits to members of the

proposed settlement class. Plaintiff is and has been an adequate representative of the Settlement Class.

6. Certification of the Settlement Class benefits the litigants and the Court. Certification permits approval of the Settlement Agreement, avoiding a potentially expensive, time-consuming, and risky trial. Class certification allows redress to all class members, whom Plaintiff claims are aggrieved by Defendants' actions. Settlement of the case on a class basis permits entry of a judgment binding on class members, thereby avoiding repetitious litigation. Settlement on a class basis is manageable.

7. Class certification is the superior means of proceeding with this Action since (a) the settlement is contingent on class certification, (b) certification permits entry of a judgment binding on the class and (c) Defendants have agreed to bear the cost of class notice and claims administration occasioned by class certification.

**B.     Class Notice**

8. The Court previously approved the form of class notice and the proposed manner of its distribution to class members. (Order Preliminarily Approving Settlement, ¶ 8.)

9. The Court again finds that the notice fairly and adequately informed class members of the nature of the Action, the terms of the proposed settlement, the proposed release of claims, and class members' rights to participate in the Action and settlement, to exclude themselves from the Action or to object to the proposed settlement.

10. In compliance with the Order Preliminarily Approving Settlement, class notice was mailed to class members at their last known addresses by May 23, 2007, as updated by the National Change of Address Disclosure. Mailing of class notice and claim form to class members at their last known addresses was the best notice practicable under the circumstances and was reasonably calculated to communicate actual notice of the litigation and the proposed settlement to members of the Settlement Class.

11. The deadline for opting out, objecting or intervening was June 8, 2007. There was an adequate interval between notice and deadline to permit class members to choose what to do

and act on their decision. 448 Class Members opted out of the Settlement and 25 Class Members filed or served objections.

**C. Fairness of the Settlement**

12. The Settlement Agreement is entitled to a presumption of fairness.

a. The settlement was reached through arm's-length bargaining between the parties, before a mediator, United States District Court Judge Fern Smith (Ret), in the office of the Judicial Arbitration and Mediation Service. There has been no collusion between the parties in reaching the proposed settlement.

b. Before entering into the settlement, the parties engaged in sufficient investigation and discovery regarding the claims Plaintiff alleged to allow counsel to act knowledgeably in negotiating the settlement and to allow the Court to act intelligently in weighing its fairness.

c. Counsel for both parties are experienced in similar consumer class action litigation. All counsel recommended approval of the Settlement Agreement and Release.

d. Approximately 3.8 million class notices were mailed, and 25 objections were received. The gist of the objections is that the class compensation is insufficient and the attorneys' fees excessive. The Court has carefully considered the objections to the class settlement and has found them to be without merit. The Settlement Class' potential recovery depends upon a finding of willfulness. Following the Supreme Court's decision in *Safeco Ins. Co. of America v Burr*, U.S. ______, 127 S. Ct. 2201 (2007) plaintiff's chances of prevailing on the issue of willfulness are diminished. Accordingly, the Court finds that the class compensation is reasonable. The Court's role is not to determine whether other terms of settlement might be preferable but whether those which the parties reached are fair and reasonable and in the class' best interests. The Court will address attorneys' fees and costs, and the objectors' objections to fees, at a later time.

e. Two class members requested to intervene. Ms. Munoz's request to intervene was conditional and intervention is not necessary to preserve her right to object

or appeal. Mr. O'Dell's request to intervene attempts to insert superfluous matters into the litigation.

13. The consideration to be given to the Settlement Class under the terms of the Settlement Agreement is reasonable considering the relative strengths and weaknesses of the claims asserted in this Action and is fair, reasonable and adequate compensation for the dismissal of this action and release of class members' claims, given the uncertainties and risks of the litigation and the delays which would ensue from continued prosecution of the Action.

14. The proposed Settlement Agreement is fair, adequate and reasonable and in the best interests of the Settlement Class and its members.

**D. Adequacy of Representation By Counsel**

15. At all times in the prosecution of this action, the negotiation of the settlement and its presentation to the Court, the Settlement Class has been adequately represented by:

Terry A. Smiljanich
Jill H. Bowman
JAMES HOYER NEWCOMER
& SMILJANICH, P.A.
4830 West Kennedy Boulevard, Suite 550
Tampa, FL 33609

Douglas Bowdoin
DOUGLAS BOWDOIN, P.A.
255 South Orange Avenue, Suite 800
Orlando, FL 32801

Gail Killefer
417 Montgomery Street, Suite 300
San Francisco, CA 94104

W. Roderick Bowdoin
DARBY, PEELE, BOWDOIN & PAYNE
P. O. Drawer 1707
Lake City, FL 32056

J. Craig Bourne
LAW OFFICES OF J. CRAIG BOURNE
1520 East Livingston Street
Orlando, FL 32803

Class Counsel has extensive experience in class actions and has adequately represented and protected the interests of the Settlement Class in the Action and in negotiating the settlement.

**E. Attorneys' Fees**

16. The Settlement Agreement provides for payment of attorneys' fees and costs by Defendants to class counsel, subject to approval by the Court, pursuant to paragraphs 3.23 -3.26 of the Settlement Agreement. The Court will rule on plaintiff's request for approval of the attorneys' fees and costs at a later time.

**F. Compliance With the Class Action Fairness Act**

17. Defendants sent notice to the Office of the Comptroller of the Currency (OCC) as required by 28 U.S.C. § 1715(a) & (b). The Court is entering Final Judgment more than ninety days after the OCC were served with notice, as is required by 28 U.S.C. § 1715(d). The OCC has not objected to the Settlement.

## II.

## ORDERS

Based on the foregoing findings, and good cause appearing:

IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

18. The Settlement Class is certified as a final and permanent class for purposes of this action. The Settlement Class is hereby defined to include:

> All individuals throughout the United States whose consumer reports were obtained or used by Wells Fargo Home Mortgage, a division of Wells Fargo Bank, N.A., in connection with a real estate secured credit transaction not initiated by them and to whom Wells Fargo sent or caused to be sent during the period of July 12, 2005, through September 30, 2005, a mailer similar to the mailer attached to the Amended Complaint as Exhibits A and B, and who did not apply for and receive a loan in response to the mailer.

19. The Settlement Class is appropriate under Fed.R.Civ.P. 23(a) and (b)(3). The class claims are those set forth in the amended complaint and the defenses to the class claims are set forth in Defendants' Answer. The attorneys named in paragraph 15 are appointed as Class counsel for the Settlement Class.

20. The provisions for Notice to the Settlement Class satisfied the requirements of Fed.R.Civ.P. 23(c)(2)(B) and due process.

21. The Settlement Agreement is fair and reasonable and in the best interest of the Settlement Class, including the following provisions:

a. Defendants will pay the costs of mailing each member of the Settlement Class a brochure explaining the importance of class members obtaining his or her credit report and explaining his or her rights under the FCRA;

b. Defendants will pay the costs of providing to each member of the Settlement Class who submits a valid claim form a copy of his or her credit report and credit score; and

c. Defendants will pay the costs of providing to each member of the Settlement Class who submits a second valid claim form a subsequent copy of his or her credit report and credit score.

d. Defendants will pay the costs of offering each member of the Settlement Class a $50 rebate on a new first mortgage loan from Wells Fargo, provided the Settlement Class member applies, meets current loan underwriting guidelines and obtains a loan by the end of 2007.

e. Defendants will pay attorneys' fees and costs to Class Counsel, subject to Court approval, pursuant to paragraphs 3.23-3.26 of the Settlement Agreement.

22. The objections to the class settlement are overruled for the reasons set forth above. The requests to intervene are denied for the reasons set forth above.

23. The Court will address Plaintiff's request for approval of attorneys' fees and costs and the objections thereto after the close of the claims period. By August 15, 2007, plaintiff shall file a written declaration of the claims administrator setting forth the total number of claims submitted. Also by August 15, 2007, any interested person may, but is not required to, submit supplemental briefing or other material regarding attorneys' fees and costs. The Court's present intention is to enter a single final judgment after ruling on the attorneys' fees and costs motion.

24. All Settlement Class members who did not timely and properly exclude him or herself from the Settlement Class, and all those who claim through them or who assert claims (or could assert claims) on their behalf (collectively, the "Class Releasing Parties") do hereby unconditionally and irrevocably remise, release, and discharge Defendants, together with all of

their present and former parents, subsidiaries, predecessors, successors, assigns, affiliates, divisions, owners, shareholders, officers, directors, attorneys, insurers, vendors, accountants, agents (alleged or actual), representatives, and employees (collectively as "Released Parties"), from any and all claims, of whatever kind or character, direct or indirect, whether known or unknown or capable of being known as of the date hereof, whether existing now or to come into existence in the future, arising at law or in equity, by a right of action or otherwise, whether or not they were asserted or could have been asserted in the Action, which the Class Releasing Parties or any of them have, may have, or may come to have, individually or as members of a class, against Defendants based on, arising out of, or in any way relating or pertaining to: (a) all claims that were asserted or attempted to be asserted in the Action; (b) Defendants' accessing or obtaining of consumer credit reports or consumer credit information in connection with making firm offers of credit or Prescreening; or (c) Defendants' alleged failure to comply with the requirements of the FCRA relating to the accessing or obtaining of consumer credit reports and/or consumer credit information in connection with making firm offers of credit or Prescreening; or (d) any and all claims, actions, causes of action, rights or liabilities on, arising out of, or in any way relating or pertaining to claims that were made or could have been made in this Action based on facts alleged in the Complaint or the Amended Complaint, or any of the events, statements or allegations contained in the Complaint or the Amended Complaint (collectively as "Released Claims").

25. The Court finds the Settlement Agreement fair, adequate, and reasonable, and made in good faith and orders the parties to perform their obligations pursuant to the Settlement Agreement.

26. Once judgment is entered, this Action will be dismissed with prejudice pursuant to the terms of the Settlement Agreement. Plaintiff and all Settlement Class members who did not timely and properly exclude themselves from the class will be bound by the Release provisions of the Settlement Agreement and will be barred and permanently enjoined from prosecuting any Released Claim against any Released Party.

27. Notice of entry of this order, and the ensuing final judgment, once entered, shall be given to Class Counsel on behalf of Plaintiff and all members of the Settlement Class, and to all

objectors. It shall not be necessary to send notice of entry of this order, or the ensuing final judgment to individual members of the Settlement Class.

28. The Court retains jurisdiction over the interpretation, implementation and enforcement of the Settlement Agreement and of this Order, to hear and resolve any contested challenge to a claim for settlement benefits, to resolve plaintiff's pending request for approval of attorneys' fees and costs and for a cost bond on appeal, to enter a single, final judgment, and to supervise and adjudicate any dispute arising from or in connection with distribution of settlement benefits.

29. The Class Members who timely and properly excluded themselves from the Settlement are identified in Exhibit A attached hereto. Such Class Members are not bound by the terms of the Settlement Agreement, Release, or Judgment in this proceeding.

DATED: July 23, 2007

The Honorable Charles R. Breyer
United States District Court, Northern District