FILED

**NOT FOR PUBLICATION**

FEB 22 2010

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| STEPHEN C. YEAGLEY, on behalf of himself and those similarly situated, | No. 08-15378 |
| Plaintiff - Appellant, | D.C. No. CV-05-03403-CRB |
| v. | MEMORANDUM [*] |
| WELLS FARGO & COMPANY; WELLS FARGO BANK, N.A., | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Charles R. Breyer, District Judge, Presiding

Argued and Submitted February 8, 2010
San Francisco, California

Before: GOODWIN, TROTT and IKUTA, Circuit Judges.

This court may review a contested award of attorneys' fees despite

settlement of the underlying dispute; the prevailing party has no obligation to make

an express reservation of the right to appeal the award of attorneys' fees. *See, e.g.*,

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

*Lobatz v. U.S. W. Cellular of Cal., Inc.*, 222 F.3d 1142, 1146–47 (9th Cir. 2000).

Nor does the language of the Settlement Agreement provide any bar to Yeagley's

pursuit of this appeal.  The Settlement Agreement does not specify an agreed-upon

attorneys' fee, but rather reflects that Yeagley will limit the amount of his demand

to $1.5 million or less in exchange for Wells Fargo's agreement not to challenge an

award in that amount.  The Settlement Agreement contains no waiver of an appeal

of the award of attorneys' fees applicable to Yeagley.

Under a fee-shifting statute such as the FCRA, *see* 15 U.S.C. § 1681n(a)(3),

the lodestar method is generally the correct method for calculating attorneys' fees.

*Staton v. Boeing Co.*, 327 F.3d 938, 965 (9th Cir. 2003).  Although parties can

request in their settlement agreement that the district court award attorneys' fees

using common-fund principles, *id.* at 969, 972, the Settlement Agreement here

includes no such agreement.  Nor does the Settlement Agreement otherwise create

a common fund: the settlement did not award any monetary relief to the class, *see*

*Zucker v. Occidental Petroleum Corp.*, 192 F.3d 1323, 1326 (9th Cir. 1999), and

this was not "the unusual instance where the value to individual class members of

benefits deriving from injunctive relief can be accurately ascertained," *Staton*, 327

F.3d at 974.  Therefore, despite Yeagley's arguments to the district court, the

attorneys' fees should have been calculated using the lodestar method, and

Yeagley's claim that the district court erred in calculating the amount of the

common fund is not germane.  Accordingly, we remand for the district court to

exercise its broad discretion under the lodestar method to recalculate a reasonable

attorneys' fee.  *See Hensley v. Eckerhart*, 461 U.S. 424, 436–37 (1983), *abrogated*

*on other grounds by Tex. State Teachers Assoc. v. Garland Indep. Sch. Dist.*, 489

U.S. 782 (1989); *Passantino v. Johnson & Johnson Consumer Prods., Inc.*, 212

F.3d 493, 518 (9th Cir. 2000).

**REVERSED AND REMANDED.**